**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **HAMM & BARRY, a Virgin Islands** | : | |
| **Partnership, and EDWARD L. BARRY** | : | |
| | : | **CIVIL NO. 2005/0078** |
| **v.** | : | |
| | : | |
| **RICHARD W. FLECK** | : | |

## MEMORANDUM OPINION

Savage, J.                                                          February 12, 2008

In this tort action brought by a Virgin Islands law firm and one of its partners against a Delaware resident for tortious interference with contractual relations and defamation, the defendant has moved to dismiss the complaint for lack of personal jurisdiction.  He contends that he has insufficient contacts with the Virgin Islands to justify the exercise of jurisdiction.  The plaintiff counters that the defendant owns property in the Virgin Islands, committed the alleged tortious acts here and has numerous contacts here, bringing him within reach of the Virgin Islands long-arm statute.

Considering the defendant's contacts with the Virgin Islands and the consequences of those contacts here, there is a sufficient basis to exercise personal jurisdiction. Exercising jurisdiction over the defendant is consistent with fair play and substantial justice. Therefore, the motion to dismiss will be denied.

Once a defendant challenges personal jurisdiction, the plaintiffs must demonstrate facts establishing a basis for the exercise of jurisdiction.  *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007); *General Electric Co. v. Deutz*, 270 F.3d 144,

150 (3d Cir. 2001).  In reviewing these facts, the plaintiffs' allegations are accepted as true, and disputed facts are construed in the light most favorable to the plaintiffs.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

The plaintiffs must establish "with reasonable particularity" that sufficient contacts exist between the defendant and the forum to justify the exercise of jurisdiction.  *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 268 (3d Cir. 2002).  This showing of minimum contacts must comport with the requirements of the Due Process Clause such that "traditional notions of fair play and substantial justice" are not offended by requiring the defendant to appear in court in the forum.  *Provident Nat'l Bank v. Cal. Federal Savings & Loan Ass'n*, 819 F.2d 434, 436-37 (3d Cir. 1987) (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).  The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state.  *Provident Nat'l Bank*, 819 F.2d at 437 (*citing Worldwide Volkwagen v. Woodson*, 444 U.S. 286, 297 (1980)).

Personal jurisdiction may be general or specific.  The main focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the parties.  *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990).  The specific jurisdiction inquiry considers the relationship of the litigation to the forum.  *Pinker*, 292 F.3d at 368.

### General Jurisdiction

General jurisdiction exists where the nonresident has continuing and systematic contacts with the forum.  *Provident Nat'l Bank,* 819 F.2d at 437.  Once these contacts are established, the defendant can be answerable for any claim even if the subject matter of

the cause of action has no relationship to the forum. *Penzoil Prods. Co. v. Colelli Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 2004). Thus, unlike specific jurisdiction, general jurisdiction is not premised on conduct related to the litigation, but on the defendant's continuing contacts in the forum.

The defendant has submitted an affidavit setting forth a litany of activities he has not and does not do in the Virgin Islands. However, he ignores the connections he has with the Virgin Islands. It is not what he does not do, but what he does do in the Virgin Islands that is relevant to the personal jurisdiction inquiry.

The defendant's contacts with the Virgin Islands are more than casual. He owns real estate in a St. Thomas resort condominium complex. As a property owner, he pays taxes in the Virgin Islands. He travels to and from St. Thomas, where he stays annually.

He is the president and a member of the board of directors of one of the resort's condominium associations, which was created under Virgin Islands law. He has appeared at proceedings in St. Thomas in connection with litigation involving the association.

The defendant has also invoked the protection of the laws of the Virgin Islands by asserting rights and protections under Virgin Islands law. He has instituted legal proceedings in the Virgin Islands courts. He is currently a plaintiff and seeks to be appointed as a class representative in an action brought in this court in *VanBesien and Fleck v. Cavanaugh, et al.*, Civ. No. 2005/21 (Division of St. Thomas and St. John).

These contacts are continuing and systematic. They demonstrate that the defendant should reasonably have anticipated being haled into court in the Virgin Islands and that it would not be unreasonable to exercise jurisdiction. Nor would exercising jurisdiction offend traditional notions of fair play and substantial justice.

**Specific Jurisdiction**

Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the injury is related to those contacts.  *General Electric*, 270 F.3d at 150.  A single contact may be sufficient where its connection to the forum is substantial.  *Miller Yacht*, 384 F.3d at 96. Specific jurisdiction has three requirements: (1) the defendant must have purposefully directed his conduct at the forum; (2) the litigation must arise out of or relate to that conduct; and (3) the exercise of jurisdiction must be consistent with fair play and substantial justice.  *O'Connor*, 496 F.3d at 317 (citations omitted).  In other words, where a defendant, by the nature of his forum-related conduct, could have reasonably anticipated being sued in the forum, he is subject to specific jurisdiction.

The first prong of the specific jurisdiction test, that the defendant purposefully directed its activities, does not require physical presence in the forum.  It does require deliberate action directed at the forum.  It must be more than fortuitous contact.  Hence, the defendant's activities must be directed at citizens in the forum.

The relatedness requirement rests upon the causal connection between the defendant's activities and the effects of that activity in the forum.  Although the link need not rise to the level of proximate cause in the liability context, it must be close enough to show that the defendant knew it was reasonably foreseeable that he would be subject to personal jurisdiction arising out of his forum-related activity.

The reasonableness prong requires that the defendant's conduct or its consequences must have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable.  In the end, the determinative factor is whether the

4

defendant's minimum contacts in the forum are sufficient to justify exercising jurisdiction without offending traditional notions of fair play and substantial justice.

The fair play analysis considers several factors bearing on the reasonableness of exercising jurisdiction in the forum.  They are: the burden on the defendant; the forum's interest in adjudicating the dispute; the plaintiff's interest in getting convenient and effective relief; the interstate judicial system's interest in obtaining the efficient resolution of controversies; and the procedural and substantive interests of other parties.

Here, the causes of action arise out of the defendant's conduct as the president and a member of a St. Thomas resort condominium association.  According to the complaint[1], the plaintiffs represented the condominium association in litigation against the developer of the resort until the relationship was terminated by the association's board of directors. It alleges the defendant defamed the plaintiffs for the purpose of having the plaintiffs replaced as counsel for the association.  Specifically, the defendant accused the plaintiffs of consorting with the developer - the defendant in the underlying litigation - to the detriment of the association, their client.   The defendant's statements were made to persons in St. Thomas with whom the plaintiffs had a professional relationship.

The defendant claims that his contacts with the plaintiffs were all in his capacity as an officer and a member of the board of directors of the condominium association, and not in his individual capacity.  He appears to conflate liability with jurisdiction.  He fails to recognize that although an agent of a corporation or association cannot be held liable on

---

[1]The recitation of facts is taken from the plaintiffs' allegations, which must be accepted as true at this stage.  *See Miller Yacht*, 384 F.3d at 97.

a contract basis, he can be held accountable for torts committed by him while in his representative capacity. *See Keaton v. Hustler Magazine*, 465 U.S. 770, 781 n.13 (1984).

There is no question that the defendant "purposefully directed" his conduct at the Virgin Islands.  His communications, even if they all did not emanate from the Virgin Islands, were destined for and published in the forum.  The underlying litigation was taking place in a Virgin Islands court and the professional relationship between the plaintiffs and the association was here as well.  The termination of the relationship took place here.

These facts are similar to those in *Calder v. Jones*, 465 U.S. 783, 788-791 (1984), where the Supreme Court established the specific jurisdiction "effects test."  In that case, personal jurisdiction was based on a nonresident-defendant's intentional acts committed outside the forum, which were expressly aimed at the forum state where the harm was suffered and the defendant knew was likely to be suffered.  The Third Circuit has adopted this test for exercising personal jurisdiction based on an act done outside the forum.  *See Imo Industries, Inc. v. Kiekert A.G.*, 155 F.3d 254, 265-266 (3d Cir. 1998) (finding personal jurisdiction where the defendant committed an intentional tort outside the forum, which was the focal point of the plaintiff's harm, and the defendant had expressly aimed the tortious conduct at the forum).

The plaintiffs' causes of action are related to and arise out of the defendant's contacts with the Virgin Islands, and the injury to the plaintiffs is related to those contacts.  As a result of the defamatory communications aimed at the forum for the purpose of causing the termination of the plaintiffs' professional relationship, the association did replace the plaintiffs with new counsel.  Hence, there is a cause and effect between the

6

defendant's conduct and the consequences in the Virgin Islands.

The exercise of jurisdiction is consistent with fair play and substantial justice. Undoubtedly, requiring the defendant to litigate this action in the Virgin Islands may be burdensome for him.  He will have to travel from Delaware and secure accommodations for the purpose of attending proceedings[2].  However, these concerns are outweighed by the forum's interest in adjudicating the dispute.  The causes of action arose out of a contractual relationship in the Virgin Islands, where the consequent harm to that relationship and to the plaintiffs' reputations occurred.  The plaintiffs have an interest in getting convenient and effective relief where they reside, practice law and enjoy a professional reputation.

There are no other parties outside the Virgin Islands who have an interest in the case.  Most, if not all, witnesses are from the Virgin Islands.  Thus, in light of these factors, exercising jurisdiction in this forum will be reasonable.

Personal jurisdiction over the defendant is premised on the Virgin Islands long-arm statute, which authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment.  5 V.I.C. § 4903.  The statute provides in pertinent part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from a person's . . . .
> > (3) causing tortious injury by an act or omission in this territory; [or]
> > (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or

---

[2]Apparently, this inconvenience is not enough to deter the defendant from instituting and participating in other litigation in the Virgin Islands.  He is seeking to represent a class of time share owners in *VanBesien and Fleck v. Cavanaugh, et al.*, Civ. No. 2005/21.

solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory.

The defendant's acts fit within the ambit of the long-arm statute.  His efforts resulted in injury here from tortious acts done here.  Even if, as the defendant claims, he acted in Delaware, he still engaged in persistent conduct here.  Thus, he is subject to personal jurisdiction under either or both subsections.

## Conclusion

Considering what contacts the defendant had in the Virgin Islands, there is a basis for exercising both general and specific personal jurisdiction over the defendant.  Furthermore, exercising jurisdiction will not offend traditional notions of fair play and substantial justice.  Therefore, the motion to dismiss for lack of personal jurisdiction will be denied.